UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,

    Plaintiff,

v.

VTC EXPANSION LLC, et al.,

    Defendants.

Case No. 18-cv-04489-RS

**ORDER GRANTING MOTION TO STAY PROCEEDINGS**

## I. INTRODUCTION

Plaintiff Scott Johnson filed this action against VTC Expansion LLC and Starbucks Corporation regarding disability access barriers he encountered while visiting a Starbucks. Plaintiff filed a motion to stay proceedings pending resolution of the appeals filed in *Johnson v. Blackhawk Centercal*, No. 19-15759 (9th Cir.) and *Kong v. Mana Inv. Co., LLC*, No. 19-55577 (9th Cir.), which concern the same accessibility issue regarding transaction counters as this case. (Dkt. 42.) Pursuant to Civil Local Rule 7-1(b), Plaintiff's motion is suitable for disposition without oral argument, and the hearing set for August 22, 2019 is vacated. For the reasons explained below, the motion to stay is granted.

## II. BACKGROUND

Plaintiff uses a wheelchair for mobility as a result of his physical disabilities. In April 2018, May 2018, June 2019, and July 2018, Plaintiff visited the Starbucks at 251 Vineyard Town Center Way in Morgan Hill. During these visits he allegedly encountered numerous access barriers including crowded transaction counters and non-compliant entrance door hardware.

Plaintiff filed suit for violations of the Americans with Disabilities Act on July 25, 2018. He now seeks to stay the proceedings pending the appeals of *Blackhawk* and *Kong*.

### III. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (internal citations and quotation omitted). However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. It is within the district court's discretion whether to stay a case. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). The proponent of a stay has the burden of proving such a discretionary stay is justified. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (internal citation omitted).

### IV. DISCUSSION

Given the Ninth Circuit's decisions in *Blackhawk* and *Kong* will directly affect any merits determination in the instant case regarding the transaction counter issue, the *Landis* factors weigh strongly in favor of staying this action pending these appeals. Contrary to Starbucks's assertions, delay alone does not constitute prejudice. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268-69 (9th Cir. 1962). Indeed, proceeding with the transaction counter issue while the Ninth Circuit is considering the legality of this very practice would be inefficient and potentially lead to inconsistent results. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may . . . find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). Further, Starbucks's claims of prejudice and harm are undermined by the fact that they have stipulated to a stay

in at least ten other actions in this district involving the same transaction counter practice. *See Johnson v. Starbucks Corp.*, No. 18-cv-06842-KAW, 2019 WL 3220273, at *2 (N.D. Cal. July 17, 2019) (collecting cases).[1] Accordingly, a stay is appropriate in this action.[2]

## V. CONCLUSION

For the reasons stated above, Johnson's motion for a stay pending appeal is granted. The parties are to submit a joint status report within 14 days of the resolution of the appeals.

**IT IS SO ORDERED**.

Dated: August 9, 2019

_____
RICHARD SEEBORG
United States District Judge

---

[1] Defendants did not address Johnson's alternative proposition to bifurcate the trial into two issues and allow the door hardware claim to proceed. Defendant Starbucks explicitly opposed this alternative in similar litigation, however, and there is no reason to believe Defendants would welcome this alternative here. *See, e.g.*, *Johnson v. Starbucks Corp.*, No. 18-cv-06842-KAW, 2019 WL 3220273, at *2 (N.D. Cal. July 17, 2019); *Johnson v. Five Points Center, LLC*, No. 18-cv-05551-JSC, 2019 WL 3503045 (N.D. Cal. Aug. 1, 2019). Regardless, a bifurcated trial would add needless complexity and expense that a stay will avoid.

[2] In at least two similar cases from this district where the defendants did not stipulate to stays given the presence of a separate door hardware claim, courts nonetheless stayed the cases for the reasons outlined above. *See Johnson v. Starbucks Corp.*, 2019 WL 3220273; *Johnson v. Five Points Center, LLC*, 2019 WL 3503045.

ORDER GRANTING MOTION TO STAY
CASE NO. 18-cv-04489-RS
3